IN THE CIRCUIT COURT OF THE
NINTH JUDICIAL CIRCUIT IN AND
FOR ORANGE COUNTY, FLORIDA

CASE NO.:

JAY E. REESE, individually
and on behalf of all those similarly            COLLECTIVE ACTION
situated,

              Plaintiff,

vs.

FLORIDA BC HOLDINGS, LLC
d/b/a SYNERGY EQUIPMENT,

              Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, JAY E. REESE ("MR. REESE"), individually, as Class Representative, and on behalf of all other similarly situated employees, by and through his undersigned counsel files his individual claim in Counts I and III of this Complaint and a Representative Action in Count II of this Complaint against Defendant, FLORIDA BC HODLINGS, LLC d/b/a SYNERGY EQUIPMENT ("SYNERGY"), and states as follows:

## I.    INTRODUCTION

1.    MR. REESE brings his cause of action raising an individual claim for unpaid overtime wages pursuant 29 U.S.C. § 207 (overtime provisions of the Federal Fair Labor Standards Act ("FLSA")); a Representative Action pursuant to 29 U.S.C. § 216(b) (authorizing representative actions under the FLSA) seeking to represent a class of

1

employees denied unpaid overtime pursuant to the FLSA; and a claim for tortious interference with an advantageous business relationship pursuant to Florida common law.

2.    The FLSA prevents the exploitation of a class of workers who are in an unequal position with respect "to bargaining power and are thus relatively defenseless against the denial of a living wage is not only detrimental to their health and well being but casts a direct burden for their support upon the community. What these workers lose in wages the taxpayers are called upon to pay." *West Coast Hotel Co. v. Parrish*, 300 U.S. 379, 399 (1937)(Hughes, C.J).

3.    SYNERGY utilized its unequal bargaining power to render defenseless MR. REESE, individually and all other similarly situated employees, against the denial of the living wage they are entitled to receive and protected by 29 U.S.C. § 207.

4.    SYNERGY's unlawful actions toward MR. REESE continued after his cessation of employment with SYNERGY.    In fact, SYNERGY deliberately and unlawfully interfered with MR. REESE subsequent employment with Ahern Rentals, Inc. by causing him to be terminated.

## II.    JURISDICTION AND VENUE

5.    MR. REESE'S claims exceed fifteen thousand dollars ("$15,000.00") exclusive of attorney's fees. Jurisdiction is proper in this court pursuant to section 26.012, Florida Statutes and 29 U.S.C. § 216(b)("An action to recover the liability …may be maintained against any employer … in any … State court of competent jurisdiction). SYNERGY conducts business in Orange County, Florida.

2

### III.    THE PARTIES

6.      MR. REESE was an employee of SYNERGY within the meaning of the FLSA.

7.      MR. REESE was employed as a sales coordinator by SYNERGY from approximately September 2015 to November 2016.

8.      As a sales coordinator, MR. REESE was paid an hourly rate, commissions, bonuses, and a guarantee.

9.      As a sales coordinator, MR. REESE'S job duties included, but were not limited to, working the inside counter of SYNERGY'S facility.

10.     SYNERGY maintains and operates approximately ten (10) facilities throughout Florida.

11.     SYNERGY rents, sells, and repairs construction equipment.

12.     MR. REESE performed work at SYNERGY's facilities at 8151 N. Orange Blossom Trail, Orlando, Florida 32810 and 1830 Mason Ave., Daytona Beach, Florida 32117.

13.     At all times relevant to his employment, MR. REESE regularly used the instrumentalities of interstate commerce while performing his work. At all times relevant to his employment, MR. REESE also regularly used the channels of commerce while performing his work.

14.    SYNERGY is an "employer" as defined by 29 U.S.C. § 203(d). SYNERGY has employees subject to the provisions of the FLSA, 29 U.S.C. § 207, in the facilities where MR. REESE was employed.

3

15.    SYNERGY has employed two or more persons, including MR. REESE, "engaged in commerce or in the production of goods for commerce," or has "had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by a person," as defined by 29 U.S.C. § 203(s)(1)(A)(i).

16.    MR. REESE avers that at all times relevant to the violations of the Fair Labor Standards Act, SYNERGY was an enterprise whose annual gross volume of sales made or business done was not less than $500,000, in accordance with 29 U.S.C. § 203(s)(1)(A)(ii).

17.    MR. REESE has retained LaBar & Adams, P.A. to represent him and the Class in this matter and has agreed to pay said firm a reasonable attorney's fee for its services.

### IV.    FACTUAL ALLEGATIONS

18.    SYNERGY is in the business of renting, selling, and servicing construction equipment.

19.    At all times relevant to the violation of the FLSA, SYNERGY was an enterprise engaged in commerce or in the production of goods for commerce.

20.    MR. REESE was hired by SYNERGY to work at the front counter at its facilities at 8151 N. Orange Blossom Trail, Orlando, Florida 32810 and 1830 Mason Ave.,

4

Daytona Beach, Florida 32117.

21.    Throughout his employment, MR. REESE worked numerous workweeks where his hours exceeded forty but he was not paid time-and-a-half for each overtime hour worked.

22.    MR. REESE worked numerous weeks in which he was not paid time-and-a-half for each overtime hour worked because SYNERGY had misclassified MR. REESE as an employee exempt from the FLSA.

23.    MR. REESE, as well as similarly situated employees, worked numerous weeks in which they were not paid time-and-a-half for each overtime hour worked because SYNERGY misclassified their position as exempt from the FLSA.

24.    SYNERGY had knowledge that MR. REESE as well as other similarly situated employees, were working overtime without proper compensation.

25.    SYNERGY failed to make a good faith effort to determine if MR. REESE and similarly situated employees were compensated appropriately pursuant to the FLSA.

26.    SYNERGY failed to maintain and keep accurate time records as required by the Fair Labor Standards Act. *See e.g.* 29 U.S.C. §§ 211(c); 215(a); 29 C.F.R. § 516, *et. al.*

27.    SYNERGY also failed to post the required notice pursuant to the Fair Labor Standards Act.

28.    SYNERGY'S unlawful compensation practices are in willful disregard of the rights of MR. REESE, and other similarly situated employees.

29.    Upon the cessation of employment with SYNERGY, MR. REESE sought employment with Ahern Rentals, Inc.

30.    Prior to employing MR. REESE, Ahern Rentals, Inc. sent a correspondence to SYNERGY requesting information as to whether MR. REESE had signed a non-compete agreement with SYNERGY.

31.    SYNERGY failed to respond to this request by Ahern Rentals, Inc.

32.    On or about February 6, 2017, MR. REESE was hired by Ahern Rentals, Inc. and became an employee of Ahern Rentals, Inc.

33.    On May 16, 2017, SYNERGY sent a correspondence[1] to MR. REESE and copied Ahern Rentals, Inc. stating that MR. REESE was in violation of a non-compete agreement by being employed by Ahern Rentals, Inc.

34.    Specifically, this correspondence provided that:

> Your [MR. REESE'S] employment with Ahern Rentals violates the Agreements.  Synergy demands that you stop violating the Agreements. Synergy will provide you with five (5) days to confirm in writing that you are no longer working for Ahern Rentals.  Otherwise, Synergy will file a lawsuit against you seeking damages, injunctive relief, and attorneys' fees expended in enforcing its legal rights.  Additionally, Synergy will bring a claim for tortious interference with business and contractual relationships against Ahern Rentals.  Synergy is sending a copy of this correspondence to Ahern Rentals to place the company on notice that it is interfering with Synergy's legal rights.

35.    Even though Florida law provides, "[a] court shall not enforce a restrictive covenant unless it is set forth in a writing signed by the person against whom enforcement is sought," Fla. Stat. § 542.335(1)(a), SYNERGY attached an unexecuted "NON-

---

[1] This correspondence was sent by SYNERGY'S attorneys.

SOLICITATION AGREEMENT" to this correspondence.

36.     MR. REESE does not recall ever signing a non-compete agreement with SYNERGY.

37.     SYNERGY has failed to provide a non-compete agreement signed by MR. REESE or provide any facts demonstrating that it is entitled to enforce a non-compete agreement against MR. REESE despite numerous requests for such information.

38.     The NON-SOLICITATION AGREEMENT that SYNERGY sought to enforce against MR. REESE and Ahern Rentals, Inc. did not exist or in the alternative was null and void.

39.     SYNERGY knew that the NON-SOLICITATION AGREEMENT it was seeking to enforce did not exist or in the alternative was null and void.

40.     SYNERGY sent the correspondence identified in paragraphs 33, 34 with the sole intent of interfering with MR. REESE'S relationship with Ahern Rentals, Inc.

41.     Specifically, SYNERGY sent the correspondence identified in paragraphs 33, 34 with the sole intent of procuring MR. REESE's termination from Ahern Rentals, Inc.

42.     As intended, Ahern Rentals, Inc. terminated MR. REESE'S employment on or about May 31, 2017, as a direct result of the correspondence sent by SYNERGY.

43.     SYNERGY'S tortious interference with MR. REESE'S employment with Ahern Rentals, Inc. was intentional and unjustified.

44.     As a result of SYNERGY'S tortious interference with MR. REESE'S employment with Ahern Rentals, Inc., MR. REESE has suffered damages.

## V.    COLLECTIVE ACTION ALLEGATIONS

45.    MR. REESE, as Class Representative, brings Count II of his action on behalf of himself and on behalf of similarly situated employees.  Specifically, MR. REESE brings the class' claim under the Fair Labor Standards Act as a collective action, and will request the Court to grant conditional class certification under 29 U.S.C. Section 216(b).

46.    MR. REESE, as Class Representative, will seek class certification of all employees of SYNERGY who (1) are or were employed by SYNERGY as "sales coordinators" during the preceding three years; (2) were misclassified as exempt from the FLSA; and (3) worked more than forty hours in a work week without being paid proper overtime compensation.

47.    While working for SYNERGY, MR. REESE, and the similarly situated employees, were subject to SYNERGY'S pattern and standard practice of misclassifying employees and denying overtime compensation to its employees.

### COUNT I
### PLAINTIFF, JAY E. REESE'S INDIVIDUAL CLAIM
### FOR VIOLATIONS OF THE OVERTIME PROVISION OF
### THE FAIR LABOR STANDARDS ACT

48.    Plaintiff, MR. REESE, re-alleges and incorporates herein the allegations contained in paragraphs 6-16, 18-28 above.

49.    MR. REESE was employed as a "sales coordinator" by SYNERGY from approximately September 2015 to November 2016.

50.    From approximately September 2015 to November 2016, SYNERGY repeatedly and willfully violated § 7 and § 15 of the Fair Labor Standards Act by failing to compensate MR. REESE at a rate not less than one and one-half times the regular rate at

which he was employed for workweeks longer than forty (40) hours. Specifically, Plaintiff worked numerous weeks in excess of forty (40) hours a week, yet was not compensated for all work in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he was employed.

51.    SYNERGY willfully failed to maintain and keep accurate time records as required by the Fair Labor Standards Act.

52.    SYNERGY failed to post the required notice pursuant to the Fair Labor Standards Act.

WHEREFORE, MR. REESE demands a judgment against SYNERGY for the following:

(a)    Unpaid overtime wages found to be due and owing;

(b)    An additional equal amount equal to the unpaid overtime wages found to be due and owing as liquidated damages;

(c)    Prejudgment interest;

(d)    A reasonable attorney's fee and costs; and,

(e)    Such other relief as the Court deems just and equitable.

## JURY TRIAL DEMAND

MR. REESE demands a jury trial on all issues contained in Count I.

## COUNT II
## COLLECTIVE ACTION BY CLASS REPRESENTATIVE,
## JAY E. REESE, FOR VIOLATIONS OF THE OVERTIME PROVISION OF THE
## FAIR LABOR STANDARDS ACT

53.    MR. REESE, as Class Representative, re-alleges and incorporates herein the allegations contained in paragraphs 6-16, 18-28 above.

9

54.     Throughout the employment of the Class Representative, MR. REESE, and all other similarly situated employees, the Defendant, SYNERGY, repeatedly and willfully violated § 7 and § 15 of the Fair Labor Standards Act by failing to compensate the named Plaintiff and all other similarly situated employees, at a rate not less than one and one-half times the regular rate at which they were employed for workweeks longer than forty (40) hours.

55.     Specifically, Class Representative, MR. REESE, and all other similarly-situated "sales coordinators," worked numerous weeks throughout their employment in excess of forty (40) hours a week, yet were not compensated for all work in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which they were employed.

56.     SYNERGY failed to maintain and keep accurate time records as required by the Fair Labor Standards Act. *See e.g.* 29 U.S.C. §§ 211(c); 215(a); 29 C.F.R. § 516, *et. al.*

57.     SYNERGY failed to post the required notice pursuant to the Fair Labor Standards Act.

WHEREFORE, Class Representative, MR. REESE, on behalf of himself and similarly situated employees, demands judgment against SYNERGY for the following:

(a)     Unpaid overtime wages found to be due and owing;

(b)     An additional equal amount equal to the unpaid overtime wages found to be due and owing as liquidated damages;

(c)     Prejudgment interest;

10

(d)    Reasonable attorney's fee and costs; and,

(e)    Such other relief as the Court deems just and equitable.

### JURY TRIAL DEMAND

Class Representative, MR. REESE, on behalf of himself and similarly situated employees, demands a jury trial on all issues contained in Count II.

### COUNT III
### PLAINTIFF, JAY E. REESE'S TORTIOUS INTERFERENCE CLAIM

58.    MR. REESE re-alleges and incorporates herein the allegations contained in paragraphs 29-44 above.

59.    On or about February 6, 2017, MR. REESE entered into an employment relationship with Ahern Rentals, Inc.

60.    SYNERGY had knowledge of MR. REESE'S employment relationship with Ahern Rentals, Inc.

61.    SYNERGY intentionally and unjustifiably interfered with MR. REESE'S employment relationship with Ahern Rentals, Inc. by actively procuring MR. REESE'S termination.

62.    As a result of SYNERGY'S intentional and unjustified interference with MR. REESE'S employment relationship with Ahern Rentals, Inc., MR. REESE has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits, emotional distress, pain and suffering, humiliation, great expense, embarrassment, and damage to his reputation and future employability.

WHEREFORE, MR. REESE demands judgment against SYNERGY for the following:

(a)    Lost wages, including lost fringe benefits, which resulted from SYNERGY'S intentional and unjustified interference;

(b)    Compensatory damages, including emotional distress, loss of enjoyment of life, pain and suffering;

(c)    Front pay;

(d)    Pre-judgment and post-judgment interest; and

(e)    Such other relief as the Court deems just and equitable.

## JURY TRIAL DEMAND

MR. REESE demands a jury trial on all issues contained in Count III.

Respectfully submitted,

Dated: _8/1/2017_

SCOTT C. ADAMS, ESQ.
Florida Bar No.: 0573442
Email: sadams@labaradams.com
N. RYAN LABAR, ESQ.
Florida Bar No.: 0010535
Email: rlabar@labaradams.com
LABAR & ADAMS, P.A.
2300 East Concord Street
Orlando, Florida 32803
(407) 835-8968 (phone)
(407) 835-8969 (facsimile)