# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

JAY E. REESE,

       **Plaintiff,**

v.                                                                Case No:   6:17-cv-1574-Orl-41GJK

FLORIDA BC HOLDINGS, LLC,

       **Defendant.**

_____

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S SECOND, THIRD, SIXTH, EIGHTH, NINTH, ELEVENTH AND TWELFTH AFFIRMATIVE DEFENSES, AS WELL AS, DEFENDANT'S WHEREFORE CLAUSE (Doc. No. 11)** |
| **FILED:** | **September 20, 2017** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

## I.   BACKGROUND.

On or about August 1, 2017, Plaintiff filed a Complaint in the Circuit Court for the Ninth Judicial Circuit, in and for Orange County, alleging violations of the Fair Labor Standards Act ("FLSA") and tortious interference with an employment relationship. Doc. No. 2. Plaintiff seeks class action status regarding the FLSA claim. *Id.* at ¶¶ 1, 45-47, 53-57. On August 30, 2017, Defendant removed the action to this Court. Doc. No. 1. On September 5, 2017, Defendant filed its "Answer and Affirmative and Additional Defenses to Complaint and Demand for Jury Trial" (the "Answer"). Doc. No. 5. On September 7, 2017, the Court entered an FLSA Scheduling Order,

directing the parties to complete certain tasks and staying discovery until the parties file a Case Management Report. Doc. No. 7 at ¶ 7. On September 20, 2017, Plaintiff filed his Motion to Strike Defendant's Second, Third, Sixth, Eighth, Ninth, Eleventh and Twelfth Affirmative Defenses, as Well as, Defendant's Wherefore Clause (the "Motion"). Doc. No. 11. On October 2, 2017, Defendant filed its Memorandum in Opposition to Plaintiff's Motion to Strike Defendant's Affirmative Defenses (the "Response"). Doc. No. 13. On October 23, 2017, Plaintiff, with the Court's permission, filed his Reply to Defendant's Memorandum in Opposition to Plaintiff's Motion to Strike Defendant's Affirmative Defenses (the "Reply"). Doc. No. 18.

## II.     ANALYSIS.

"'[A]n affirmative defense is one that admits to the complaint, but avoids liability, wholly or partly, by new allegations of excuse, justification, or other negating matters.'" *VP Props. & Devs., LLP v. Seneca Specialty Ins. Co.*, 645 F. App'x 912, 916 (11th Cir. 2016) (quoting *Royal Palm Sav. Ass'n v. Pine Trace Corp.*, 716 F. Supp. 1416, 1420 (M.D. Fla. 1989)).[1] Federal Rule of Civil Procedure 12(f) states that the Court may strike an insufficient defense. The Court may also strike "any redundant, immaterial, impertinent, or scandalous matter." *Id*. Courts have wide discretion in passing on a motion to strike. *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 683 (M.D. Fla. 2002). Motions to strike are generally disfavored, and they "will be denied unless the allegations have no possible relation to the controversy, may confuse the issues, or may cause prejudice to one of the parties." *Ayers v. Consol. Constr. Servs. of SW Fla., Inc.*, No. 2:07-cv-123-FtM-29DNF, 2007 WL 4181910, at *1 (M.D. Fla. Nov. 26, 2007). "An affirmative defense will be held insufficient as a matter of law only if it appears that the defendant cannot succeed under any set of facts which it could prove." *Reyher v. Trans World Airlines, Inc.*,

---

[1] In this circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

881 F. Supp. 574, 576 (M.D. Fla. 1995). If "a defense puts into issue relevant and substantial legal and factual questions, it is 'sufficient' and may survive a motion to strike, particularly when there is no showing of prejudice to the movant." *Id.* Affirmative defenses that do not admit the complaint's factual allegations, but are vehicles to attack the sufficiency of the complaint are treated as denials by courts within this district and are generally not stricken. *See Heath v. Deans Food T.G. Lee*, No. 6:14-CV-2023-ORL-28, 2015 WL 1524083, at *2 (M.D. Fla. Apr. 2, 2015) (treating negative averment labelled as an affirmative defense as a specific denial, rather than striking it); *Tanney v. Holding Co. of the Villages, Inc.*, No. 5:10–cv–134–Oc–32JRK, 2010 WL 4659604, at *1 (M.D. Fla. Nov. 9, 2010) (defendant's allegations that plaintiff was not an employee and all wages were paid pointed out defect in plaintiff's prima facie case and were treated as denials).

Plaintiff moves to strike the following affirmative defenses:

> 2. Plaintiff and any similarly situated employees were exempt retail sales employees paid on a commission basis.
> 3. There are no individuals similarly situated to Plaintiff.
>
> . . .
>
> 6. Plaintiff's, or any similarly situated individual's, claims are barred in whole or in part by the applicable statutes of limitations.
>
> . . .
>
> 8. Although Defendant denies committing any acts that were not in compliance with the FLSA, any acts or omissions of Defendant that may be determined not to be in compliance with the FLSA were taken in good in faith, in reliance upon and were in actual conformity with administrative regulations, orders, rulings, approvals or interpretations of the Wage-Hour Administrator of the Wage-Hour Division of the U.S. Department of Labor, or other administrative practices or policies of that agency. 29 U.S.C. §§ 258-259.
> 9. Plaintiff's claims and any other similarly situated employees' claims for liquidated damages are barred because Defendant has at all times related to this action acted in good faith and with

reasonable grounds for believing that [its] practices were not in violation of the FLSA. 29 U.S.C. § 260.

10. Plaintiff's claims and any similarly situated employees' claims are barred by the equitable doctrines of laches, unclean hands, waiver, and/or equitable estoppel.

11. Plaintiff's and any similarly situated employees' claims are barred in whole or in part to the extent they actively misrepresented or inaccurately recorded their hours worked during the time period in which they seek compensation.

12. Plaintiff's and any similarly situated employees' claims are barred in whole or in part to the extent they failed to mitigate their damages.

Doc. No. 5 at 7-9; Doc. No. 11 at 4-16.

Plaintiff moves to strike the second, sixth, eighth, ninth, tenth, and eleventh affirmative defenses because they lack supporting facts. Doc. No. 11 at 4-11. These affirmative defenses place Plaintiff on notice of the legal and factual defenses that Defendant intends to raise at trial, which is all that Federal Rule of Civil Procedure 8(c) requires. *See Hassan v. U.S. Postal Serv.*, 842 F.2d 260, 263 (11th Cir. 1988) ("The purpose of Rule 8(c) is simply to guarantee that the opposing party has notice of any additional issue that may be raised at trial so that he or she is prepared to properly litigate it."). Affirmative defenses are not subject to the pleading requirements of complaints under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). *Lawton-Davis v. State Farm Mut. Auto. Ins. Co.*, No. 6:14-CV-1157-ORL-37GJK, 2015 WL 12839263, at \*1 (M.D. Fla. Aug. 19, 2015). This is due to the "textual differences between Rule 8(a) and Rule 8(c),[2] the short window that the Rules provide for drafting an answer, and the Eleventh Circuit's longstanding practice of permitting unpled affirmative defenses to be

---

[2] Rule 8(a)(2) requires that "[a] pleading that states a claim for relief . . . contain: . . . a short and plain statement of the claim *showing* that the pleader is entitled to relief . . . ." (Emphasis added.) In contrast, Rule 8(c) only requires that a party "affirmatively *state*" its affirmative defenses. (Emphasis added.) See *Jirau v. Camden Dev., Inc.*, No. 8:11-CV-73-T-33MAP, 2011 WL 2981818, at \*3 (M.D. Fla. July 22, 2011) (denying in part motion to strike affirmative defenses and noting that the Supreme Court relied on the "show" language in Rule 8(a)(2) in setting forth the *Twombly/Iqbal* standard, but "[a] defendant, in contrast, need only state his defenses.").

raised at trial so long as the plaintiff had prior notice of the defendant's intent to raise them." *Lawton-Davis*, No. 6:14-CV-1157-ORL-37GJK, 2015 WL 12839263, at *1. Moreover, as discovery (other than that provided for in the FLSA Scheduling Order) is stayed, it is too early to know whether these affirmative defenses are insufficient as a matter of law. *See id.* at *2. Thus, the Motion is premature. *See Adams v. JP Morgan Chase Bank, N.A.*, No. 3:11-cv-337-J-37MCR, 2011 WL 2938467, at *2 (M.D. Fla. July 21, 2011) (declining to make a Rule 12(f) decision on the merits of affirmative defenses prior to discovery).

Plaintiff also argues that the third affirmative defense is not an affirmative defense, but instead "point[s] out an alleged defect in [Plaintiff's] claim." Doc. No. 11 at 5-6. Plaintiff argues that this is a denial. *Id.* at 6. As discussed above, this Court routinely denies motions to strike affirmative defenses that are denials.

Plaintiff contends that the tenth and twelfth affirmative defenses should also be stricken because waiver, laches, unclean hands, estoppel, and failing to mitigate damages are unavailable or only available in "extremely narrow" circumstances in FLSA cases. Doc. No. 11 at 10-13, 16. In the Response, Defendant points out that Plaintiff is suing it not only for violations of the FLSA, but also for tortious interference with an employment relationship. Doc. No. 13 at 6, 7. Because the tenth and twelfth affirmative defenses are sufficient to give Plaintiff notice that Defendant is raising the issues of laches, unclean hands, waiver, equitable estoppel, and failure to mitigate damages; the defenses could apply to the tortious interference claim; and only limited, Court-ordered discovery has been conducted, Plaintiff has not demonstrated any prejudice warranting the disfavored measure of striking the defenses.

Plaintiff moves to strike the eleventh affirmative defense, which states, "Plaintiff's and any similarly situated employees' claims are barred in whole or in part to the extent they actively

misrepresented or inaccurately recorded their hours worked during the time period in which they seek compensation." Doc. No. 5 at 9. In addition to arguing that the defense lacks a factual predicate, Plaintiff also contends that it would not negate the FLSA claim. Doc. No. 11 at 13-14. Plaintiff states in the Motion, however, that "[t]he only way [Plaintiff] could not recover is if the evidence demonstrated that [Defendant] did not know or should not have known that [Plaintiff] was working uncompensated overtime because he was underreporting his hours." *Id.* at 14. As Plaintiff admits in the Motion that the eleventh affirmative defense could be successful under some circumstances, it is recommended that the motion to strike it be denied.

Finally, Plaintiff asks the Court to strike that portion of Defendant's wherefore clause in the Answer requesting that the Court dismiss the Complaint. *Id.* at 16. Plaintiff argues that such a request must be made by motion, and because Defendant filed the Answer, it waived the right to make such a motion. *Id.* at 16-17. Plaintiff fails to show that this request has no possible relation to the controversy, may confuse the issues, or may prejudice him, and thus it is recommended that the motion to strike this portion of the wherefore clause be denied.

## III.    CONCLUSION.

Based on the forgoing, it is **RECOMMENDED** that the Court **DENY** the Motion (Doc. No. 11).

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or

legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

Recommended in Orlando, Florida, on November 28, 2017.

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record