UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JAY E. REESE, individually and on
behalf of all those similary situated,

CASE NO.: 6:17-cv-1574-Orl-41GJK

Plaintiff,

vs.

FLORIDA BC HOLDINGS, LLC
d/b/a SYNERGY EQUIPMENT,

Defendant.

AND

RONALD WARD, individually and on
behalf of all those similary situated,

CASE NO.:  6:18-cv-459-Orl-41GJK

Plaintiff,

vs.

FLORIDA BC HOLDINGS, LLC
d/b/a SYNERGY EQUIPMENT,

Defendant.

_____/

## SALES COORDINATORS' MOTION FOR ATTORNEY'S FEES AND COSTS

Sales Coordinators, JAY E. REESE and RONALD WARD, individually and on behalf of the other thirteen (13) Sales Coordinators, (collectively "Sales Coordinators"), pursuant to the Parties' Settlement Agreement and 29 U.S.C. § 216(b), hereby submit their Motion for Attorneys' Fees and Costs, and in support state:

### I.      INTRODUCTION

The purpose of the Fair Labor Standards Act ("FLSA") is to protect workers from substandard wages and oppressive working conditions. *See Barrentine v. Arkansas-Best Freight*

*System*, Inc., 450 U.S. 728, 739 (1981).  It was enacted to remedy labor conditions that are detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and the general well-being of America's work force.  *See Id*.  Thus, the FLSA imposes a "premium" for every hour worked in excess to the statutory standard of a forty (40) hour workweek. *See* 29 U.S.C. § 207.  By enacting the foregoing, Congress has required that if an employer has an employee working greater than forty (40) hours in a workweek to the detriment of the employee's health and wellbeing, the employer must pay the employee at a premium rate of not less than one and one-half times the employee's regular rate of pay.  *See* 29 U.S.C. § 207. Enforcement of the FLSA not only protects the individual employee, it all protects our society at large.  This is because "the denial of a living wage is not only detrimental to [employee's] health and well-being but casts a direct burden for their support upon the community. What these workers lose in wages the taxpayers are called upon to pay." *West Coast Hotel Co. v. Parrish*, 300 U.S. 379, 399 (1937)(Hughes, C.J.)

In these consolidated cases, Synergy "was put on notice that it will no longer be permitted to sit idle while employees are forced to work overtime without compensation." *Perdomo v. Sears, Roebuck Co.*, 13 Fla. Law Weekly Fed. D. 152, 1999 U.S. Dist. LEXIS 20881 *15 (M.D. Fla. Dec. 3, 1999).   In response to this notice, Synergy has fought hard since the inception of these cases. For instance, when the Sales Coordinators moved for conditional certification in each of these cases, Synergy vigorously contested it.

In *Reese*, the Report and Recommendation granted the Sales Coordinators partial conditional certification. (*Reese* at Doc. 49). Which resulted in Mr. Ward filing his subsequent action since his employment with Synergy was not entirely encompassed within *Reese's* class definition.  Mr. Ward worked outside Synergy's Orlando and Daytona locations.

Once Mr. Ward's motion for conditional certification was denied without prejudice, (*Ward* at Doc. 2), Synergy shifted gears in an attempt to dissuade people from joining the proposed class by issuing checks to putative class members. These checks themselves were improperly issued in that Synergy failed to pay its tax obligations by paying a lump sum amount to the Sales Coordinators without paying taxes on the unpaid overtime wage payments. By not paying the Sales Coordinators appropriately under the FLSA, Synergy received an interest-free and tax-free loan. Furthermore, by shifting the payment of taxes to the Sales Coordinators, Synergy violated the long-standing principle of FLSA law that overtime wages must be paid "free and clear." *See* 29 C.F.R. § 531.35 ("paid finally and unconditionally and free and clear."). The Sales Coordinators contested this attempt by Synergy to change its litigation strategy and moved forward with conditionally certifying the class.

Between the *Reese* and *Ward* cases, the Court ultimately certified two classes. One class consisting of all employees of Synergy who: (1) are or were employed by Synergy as "Sales Coordinators" during the preceding three years; (2) were misclassified as exempt from the FLSA; and (3) worked more than forty hours in a work week without being paid proper overtime compensation. The second class consisting of all employees of Synergy who: (1) are or were employed by Synergy as Sales Coordinators since November 2016; (2) worked more than forty hours in a work week; and (3) did not receive proper overtime because: (a) Synergy failed to include all weekly remuneration in Sales Coordinator's regular rate of pay when calculating the overtime rate and (b) failed to include all hours worked when calculating overtime. (*See Ward* at Doc. 33); (*Reese* at Doc. 49).

.

3

Eventually, the Sales Coordinators also moved for partial summary judgment.  (*Reese* at Doc. 82).  Although Synergy opposed the Sales Coordinators' motion, (*Reese* at Doc. 89), the Court nevertheless granted the motion in part concluding that: (1) Synergy could not rely upon 29 U.S.C. § 207(i) as a defense to liability, (*Reese* at Doc. 104 at 19-25); (2) Synergy could not rely upon 29 U.S.C. § 259 as a defense to liability, (*Reese* at Doc. 104 at 27-29); (3) Synergy could not rely upon the fluctuating workweek method of paying overtime pursuant to 29 C.F.R. § 778.114(a) for overtime owed to the Sales Coordinators prior to November 2016, (*Reese* at Doc. 104 at 30-32);[1] (4) Synergy had violated the recordkeeping requirements of the FLSA prior to November 2016, *see* 29 U.S.C. § 211(c), (*Reese* at Doc. 104 at 33-36); and (5) that the *Anderson* burden of proof applied to the Sales Coordinators claim prior to November 2016, (*Id.*).[2]

This was a factually difficult case to litigate.  The Sales Coordinators asserted off-the-clock claims which are difficult to prove.  Due to the lack of documentary evidence, the case relied substantially on the testimony of the Sales Coordinators regarding the off-the-clock work.  Thus, in depositions Synergy aggressively contested the Sales Coordinators' credibility.

Ultimately, on February 25, 2020, after approximately ten (10) hours of mediation,[3] Synergy agreed to pay the Sales Coordinators the aggregate amount of $100,000.00 in unpaid overtime wages.  (*See* Motion for Approval of Settlement, Stipulated Judgment, and for Dismissal with Prejudice).  Synergy also agreed to allow the Court to determine the reasonable amount of

---

[1] The Court appeared to leave open the issue of utilizing another half-time method of calculating damages besides 29 C.F.R. § 778.114(a).  (*See* Doc. 104 at 33, n.8).

[2] A quick look at the *Reese* and *Ward* dockets demonstrate there are over 165 docket entries. There were numerous motions, memorandums of law, responses, and oppositions filed in this case.  There were numerous rounds of interrogatories, request for production, and request for admissions.  The Parties took thirteen (13) separate depositions.

[3] This was the third time these cases had been mediated.

attorney's fees and costs.  (*Id.* at 15).  The Sales Coordinators now seek their attorney's fees and costs pursuant to the settlement agreement and 29 U.S.C. § 216(b).

## II.      ANALYSIS

29 U.S.C. § 216(b) provides that "[t]he court … *shall*, in addition to any judgment awarded, allow a *reasonable attorney's fees* to be paid by the defendant and *costs* of the action." (emphasis added).  Thus, "[p]revailing plaintiffs are automatically entitled to attorney's fees and costs under the FLSA…."  *Dale v. Comcast Corp*, 498 F.3d 1216, 1223 n.2 (11th Cir. 2007).

## A.      Entitlement to Attorney's Fees and Costs

The Sales Coordinators are entitled to attorney's fees and costs for four reasons.  First, a Court's determination that an FLSA settlement is fair and reasonable is sufficient to grant prevailing party status on an FLSA Plaintiff.  *See Johnson v. Bay Bays Chicken & Waffles, LLC,* Case No: 17-cv-80021-Marra/Mattheman, 2017 WL 5952895 *4 (S.D. Fla. Nov. 6, 2017)("the Court granted Plaintiff's Motion for Approval of Settlement awarding Plaintiff a fair and reasonable settlement, so he is the prevailing party under the FLA statute and is entitled to recover reasonable attorney's fees."); *accord Esparza v. Kostmayer Constr., LLC.*, 2017 WL 3336500 *1-2 (E.D. La. Aug. 3, 2017).  Thus, since the Parties have submitted the settlement to the Court for a reasonableness determination, the Sales Coordinators are prevailing parties and thus entitled to attorney's fees and costs.  Second, the Sales Coordinators obtained partial "summary judgment" on 29 U.S.C. § 207(i), 29 U.S.C. § 259, and Synergy's 29 U.S.C. § 211(c) violation which confers prevailing party status on them.  (*Reese* at Doc. 104); *see e.g. Myricks v. Fed. Res. Bank of Atlanta,* 480 F.3d 1036, 1043 (11th Cir. 2007)(concluding that a party that prevailed on an affirmative defense is a prevailing party); *Head v. Medford,* 62 F.3d 351, 354-355 (11th Cir. 1995)("A party who has obtained some relief usually will be a regarded as the prevailing party….")(citation and

quotations omitted).  Third, the Parties have agreed that the Sales Coordinators are entitled to a reasonable attorney fee and costs.  (*See* Motion for Approval of Settlement, Stipulated Judgment, and for Dismissal with Prejudice at 15)("The Parties have agreed that the Sales Coordinators are entitled to reasonable attorney's fees and costs…..").  Finally, the Parties have agreed to the entry of a stipulated judgment consistent with *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1353 (11th Cir. 1982)(Approval of a FLSA settlement has the Parties presenting the district court a proposed settlement and the district court entering a stipulated judgment after scrutinizing the settlement for fairness).  Thus, the Sales Coordinators are entitled to reasonable attorney's fees and costs.

**B.**   **Reasonable Attorney's Fees**

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended in the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhar*t, 461 U.S. 424 (1983); *Bivins v. Wrap It Up, Inc*., 548 F.3d 1348, 1350 (11th Cir. 2008).  The product of this formula is the lodestar, which is "the guiding light of our fee-shifting jurisprudence."  *Perdue v. Kenny A*., 559 U.S. 542, 551 (2010).  There is a "strong presumption," that the lodestar amount, without any adjustment, is the reasonable fee award.  *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992); *Bivin*s, 548 F.3d at 1350 ("The product of these two figures is the lodestar and there is a 'strong presumption' that the lodestar is the reasonable sum the attorney deserves.").

**1.**   **Reasonable Hourly Rates**

**a.**   **Mr. Scott C. Adams, Esq.**

Mr. Adams has been practicing law for 18 years.  (*See* Adams Aff. at ¶ 6)(Exhibit "A").  After he graduated law school, he clerked for the Honorable Melanie May of Florida's Fourth

District Court of Appeal.  (*Id.*).  He is rated AV Preeminent by Martindale–Hubbell.  (*Id.* at ¶ 11).

He is a Partner of his own law-firm.  (*Id.* at ¶ 9).  Mr. Adams has lectured on the topic of Aggregate

Litigation Pursuant to the Fair Labor Standards Act.  (*Id.* at ¶ 9).  He has also been lead counsel

on numerous collective actions and multi-plaintiff cases brought pursuant to the Fair Labor

Standards Act in the Middle District of Florida.  (*Id.* at ¶ 12).[4]  He requests an hourly rate in the

amount of $325.00.

An hourly rate of $325.00 for Mr. Scott C. Adams, Esq is reasonable.  First, Mr. Adams

requested hourly rate of $325.00 as an eighteen (18) year attorney is consistent with awards for

attorneys with similar experience in the Middle District of Florida.  *See e.g. Townsend v. Let's of*

*Ocala, LLC.*, Case No.: 5:14-cv-611-Oc-34PRL, 2015 WL 4591927, 2015 U.S. Dist. LEXIS

101113 *4 (M.D. Fla. July 28, 2015)(Approving a ten year lawyer at $350.00 per hour.); *Curbelo*

*et al., v. Mallard Cleaning Systems, LLC*, Case No.: 6:14-cv-2103-Orl-37DAB, 2015 U.S. Dist.

LEXIS 101982 (M.D. Fla. April 14, 2015)(Recommending $350 per hour in FLSA matter for a

nine year lawyer and noting that this rate has been previously awarded in the Middle District);

*Jenkins et al., v. North Texas Maintenance, Inc. et al.*, Case No.: 2:12-cv-677-FTM-38DNT, 2013

U.S. Dist. LEXIS 189786 (M.D. Fla. August 2, 2013)(approving rate of $350.00 in FLSA matter);

*Westberry v. William Joule Marine Trasp., Inc.*, Case No.: 8:12-cv-486-T-30TGW, 2013 U.S.

---

[4] *Citing Belloso, et. al. v. Asplundh Tree Expert Co.,* Case No.: 6:17-cv-2020-PBG-GJK (M.D. Fla. 2017)(certified collective action obtaining a jury verdict and judgment in the amount of $1,212,080 in unpaid overtime and liquidated damages); *Dyer, et. al. v. M & M Asphalt Maintenance, Inc.*, Case No.: 6:15-cv-959-Orl-37KRS (M.D. Fla. 2015)(certified collective action); *Gear, et. al. v. Vista Clinical Diagnostic, LLC.*, Case No.: 5:15-cv-495-Oc-41PRL (M.D. Fla. 2015)(certified collective action); *Strickland, et. al. v. Wyndham Vacation Resorts, Inc.*, et. al., Case No.: 6:13-cv-1000-CEM-GJK (M.D. Fla. 2013)(uncertified collective action); *Hmied, et. al. v. Timpano Acquisition, LLC., et. al.*, Case No.: 6:13-cv-1002-CEM-KRS (M.D. Fla. 2013)(uncertified collective action); *Goatache, et. al. v. Avis Budget Group, Inc.*, Case No.: 6:14-cv-1437-CEM-TBS (M.D. Fla. 2015)(uncertified collective action).

Dist. LEXIS 85364 (M.D. Fla. May 30, 2013)(Approving $325.00 per hour for an eleven year lawyer in an FLSA case).[5] In fact, Judge Kelly recently recommended $325.00 an hour for an eighteen year lawyer in an FLSA case. *Taylor, et. al. v. C&L Towing and Transport, et. al.,* Case No.: 6:17-cv-01929-PGB-GJK (M.D. Fla. 2017)(Doc. 153)(Judge Kelly recommended $325.00 in an FLSA matter for an eighteen year lawyer). Thus, $325.00 is a reasonable hourly rate.

Second, in 2009, in *Shannon v. Saab Training, USA, LLC.*, Case No.: 6:08-cv-803-Orl-19DAB, 2009 WL 1773808 *6 (M.D. Fla. June 3, 2009), Judge Fawsett held that the prevailing hourly rates in the Orlando market for attorneys with *seven or more years'* experience was $275.00 per hour and up. *Id.*    $275.00 in 2009 would be $327.36 in 2019 utilizing the Department of Labor's consumer price index calculator.[6]  Thus, a reasonable hourly rate for an attorney with seven or more years should be $327.00 per hour.  Mr. Adams has been practicing law for 18 years. (*See* Adams Aff. at ¶ 6).  Thus, $325.00 is a reasonable hourly rate.

Third, Mr. Adams has been charging his paying clients $325.00 per hour for the past few years.  (*See* Adams' Aff. at ¶ 16); *see also Dillard v. City of Greensboro,* 213 F.3d 1347, 1354–55 (11th Cir. 2000) ("What [the attorney] charges clients is powerful, and perhaps the best, evidence

---

[5] The Court has awarded $300.00 per hour for attorneys with five to twelve years' experience. *See Andrike v. Maple Way Cmty., Inc.*, Case No.: 8:11-cv-1939-T-24AEP, 2013 U.S. Dist. LEXIS 63704, 2013 WL 1881135 *3 (M.D. Fla. May 3, 2013) (Court awarded $325.00 in an FLSA case for an attorney with twelve years of experience); *Stevenson v. Second Chance Jai Alai, LLC*, Case No.: 5:11-cv-496-Oc-37PRL, 2013 U.S. Dist. LEXIS 195454, 2013 WL 12159448 *2 (M.D. Fla. June 17, 2013) (finding $300 a reasonable hourly rate for a ten year lawyer), *adopted*, 2013 U.S. Dist. LEXIS 195452, 2013 WL 12161811 (July 3, 2013); *Valentin v. Castillo Paint & Collision Shop, Inc.*, Case No.: 8:16-CV-967-T-23TGW, 2016 U.S. Dist. LEXIS 161507, 2016 WL 6868175 *4 (M.D. Fla. Oct. 31, 2016), *report and recommendation adopted* 2016 U.S. Dist. LEXIS 160202, 2016 WL 6822647 (M.D. Fla. Nov. 18, 2016)(awarding an hourly rate of $300.00 to an attorney with five years of experience in employment litigation in an FLSA case where a default judgment was obtained by the plaintiff).

[6] Visit the U.S. Bureau of Labor Statistics at: http://www.bls.gov/data/inflation_calculator.htm for CPI inflation calculator.

of his market rate; that is most likely to be what he is paid as 'determined by supply and demand.'")

(quoting *Blum v. Stenson,* 465 U.S. 886, 895 n. 11 (1984)). Thus, $325.00 is a reasonable hourly

rate.

Finally, Mr. Adams has provided the affidavit of Mr. John Finnigan, managing partner and

shareholder, of Finnigan Law. (*See* Finnigan Aff. at ¶ 5)(Exhibit "B"). Mr. Finnigan has been

practicing for twenty-six years. (*Id*. at ¶ 4). He has extensive practice in employment and labor

law representing both management-side and employee-side. (*Id*. at ¶¶ 5-8). He is board certified

in Labor and Employment Law, and AV Rated by Martindale-Hubbell. (*Id*. at ¶ 9). He has

firsthand knowledge of Mr. Adams' experience, has reviewed the docket, has reviewed the file,

and opines that a reasonable hourly rate of $325.00 is appropriate for Mr. Adams in this case. (*See*

Finnigan Aff. at ¶¶ 19-22, 24, 28).

### b. **Mr. Ryan LaBar**

Mr. LaBar has been practicing law for 15 years. (*See* LaBar Aff. at ¶ 5)(Exhibit "C"). He

has served as lead counsel on numerous employment cases in state and federal courts. (*Id*. at ¶¶

5, 7-8). He is a Partner of his own law-firm. (*Id*. at ¶ 6). Mr. LaBar has co-counseled numerous

multi-plaintiff cases brought as collective action in violation of the Fair Labor Standards Act. (*Id*.

at ¶ 9)(Adams Aff. at ¶ 14). He requests an hourly rate in the amount of $300.00.

An hourly rate of $300.00 for Mr. N. Ryan LaBar, Esq is reasonable. First, Mr. LaBar's

requested hourly rate of $300.00 as a fifteen (15) year attorney is consistent with awards for

attorneys with similar experience in the Middle District of Florida. *See e.g. Townsend*, Case No.:

5:14-cv-611-Oc-34PRL, 2015 U.S. Dist. LEXIS 101113 *4 (Approving 10 years lawyer at

$350.00 per hour.); *Curbelo et al.,* Case No.: 6:14-cv-2103-Orl-37DAB, 2015 U.S. Dist. LEXIS

101982)(Recommending $350 per hour in FLSA matter for a nine year lawyer and noting that this

rate has been previously awarded in the Middle District); *Westberry*, Case No.: 8:12-cv-486-T-30TGW, 2013 U.S. Dist. LEXIS 85364  (Approving $325.00 per hour for an eleven year lawyer in an FLSA case); *Andrike*, Case No.: 8:11-cv-1939-T-24AEP, 2013 WL 1881135 *3 (Court awarded $325.00 in an FLSA case for an attorney with twelve years of experience); *Stevenson*, Case No.: 5:11-cv-496-Oc-37PRL, 2013 U.S. Dist. LEXIS 195454, 2013 WL 12159448 *2 (M.D. Fla. June 17, 2013) (finding $300 reasonable hourly rate for 10-year lawyer); *Valentin, Case* No.: 8:16-CV-967-T-23TGW, 2016 WL 6868175 *4 (M.D. Fla. Oct. 31, 2016), *report and recommendation adopted* 2016 U.S. Dist. LEXIS 160202, 2016 WL 6822647 (M.D. Fla. Nov. 18, 2016)(awarding an hourly rate of $300.00 to an attorney with five years of experience in employment litigation in an FLSA  case where a default judgment was obtained by the plaintiff). Thus, $300.00 is a reasonable hourly rate.

Second, as previously cited, in 2009 Judge Fawsett held that the prevailing hourly rates in the Orlando market for attorneys with *seven or more years'* experience was $275.00 per hour and up. *Shannon*, 2009 WL 1773808 at *6.   Utilizing the Department of Labor's consumer price index calculator, $275.00 in 2009 would be $327.36 in 2019.[7]  Thus, a reasonable hourly rate for an attorney with seven or more years should be $327.00 per hour.  Mr. LaBar has been practicing law for 15 years.  (*See* LaBar Aff. at ¶ 5).  Thus, $300.00 is a reasonable hourly rate.

Third, Mr. LaBar charges paying clients $300.00 per hour for his services.  (*See* LaBar Aff. at ¶ 12); *see Dillard,* 213 F.3d at 1354–55 ("What [the attorney] charges clients is powerful, and perhaps the best, evidence of his market rate; that is most likely to be what he is paid as 'determined by supply and demand.'").  Thus, $300.00 is a reasonable hourly rate.

---

[7] Visit the U.S. Bureau of Labor Statistics at: http://www.bls.gov/data/inflation_calculator.htm for CPI inflation calculator.

Finally, Mr. LaBar has provided the affidavit of Mr. John Finnigan, managing partner and shareholder, of Finnigan Law.  Mr. Finnigan is an experienced labor and employment attorney. (*See* Finnigan Aff. at ¶¶ 4-8).  He is board certified in Labor and Employment Law and AV Rated by Martindale-Hubbell. (*Id*. at ¶ 9).  He has firsthand knowledge of Mr. LaBar's experience, has reviewed the docket, has reviewed the file, and opines that a reasonable hourly rate of $300.00 is appropriate for Mr. LaBar in this case.  (*See* Finnigan Aff. at ¶¶ 19-22, 24, 28).

    c.    **<u>Mrs. Judith Cane</u>**

Mrs. Judith ("Judy") Cane has trained and worked as a paralegal since 1999. (*See* Adams' Aff. at ¶ 17).  She has extensive experience in both state and federal court litigation.  *Id*.  Mrs. Cane has been lead paralegal on numerous multi-party and collective action brought pursuant to the Fair Labor Standards Act.  *See Belloso,* Case No.: 6:17-cv-2020-PBG-GJK (M.D. Fla. 2017)(certified collective action); *Dyer*, Case No.: 6:15-cv-959-Orl-37KRS (M.D. Fla. 2015)(certified collective action); *Gear,* Case No.: 5:15-cv-495-Oc-41PRL (M.D. Fla. 2015)(certified collective action); *Strickland,* Case No.: 6:13-cv-1000-CEM-GJK (M.D. Fla. 2013)(uncertified collective action); *Hmied*, Case No.: 6:13-cv-1002-CEM-KRS (M.D. Fla. 2013)(uncertified collective action); *Goatache*, Case No.: 6;14-cv-1437-CEM-TBS (M.D. Fla. 2015)(uncertified collective action).  This Honorable Court has previously awarded Mrs. Cane $105.00.  *See LeBlanc v. USG7, LLC*., Case No.: 6:12-cv-1235-Orl-41TBS (M.D. Fla. 2012)(Docs. 100, 101, 102).  This award is consistent with paralegals of similar training and experience.  *See Knight v. Paul & Ron Enter., Inc.*, Case No.: 8:13-cv-310-T-36EAJ, 2015 U.S. Dist. LEXIS 65245, 2015 WL 2401504, at *4 (M.D. Fla. May 18, 2015) (awarding an hourly rate of $105.00 for a paralegal with more than ten years of experience).  Finally, Mr. Finnigan opines that based on Mrs.

Cane's experience and the work performed in this case, that $105.00 is a reasonable hourly rate. (*See* Finnigan Aff. at ¶ 28).

### 2. **Reasonable Hours Expended**

The Sales Coordinators' counsel has maintained time records of the claimed fees sought. (*See* Adams Aff. at ¶ 18).  The time records for LaBar & Adams are provided with this motion. (*See* Adams Aff. at ¶ 18).

Excessive, redundant, or otherwise unnecessary hours have been excluded.  (*See* Adams Aff. at ¶ 19).  The Sales Coordinators' counsel has excluded time which arguably could be categorized as administrative or secretarial.  (*See Id.*).  They have also excluded time spent on Mr. Reese's tortious interference claim which arguably may not be inextricably intertwined with the FLSA Collective Action.  (*See Id.*).  The tortious interference time was excluded from this fee petition even though Judge Mendoza had ruled that it arose out of the same common nucleus of operative facts as the FLSA claims.  (*See* Doc. 104 at 8-9).  Thus, The Sales Coordinators' counsel has excluded 87.6 total hours for $21,412.00.  (*See* Adams Aff. at ¶ 19).

Pursuant to its exercising of billing judgment, the following chart outlines the reasonable attorney's fees based on reasonable hourly rates and reasonable hours that LaBar & Adams has expended on behalf of the Sales Coordinators in obtaining the settlement of these consolidated cases:

| Name | Hourly Rate | Hours Expended | Total |
|---|---|---|---|
| Scott C. Adams, Esq. | $325.00 | 699.0 | $227,175.00 |
| N. Ryan LaBar, Esq. | $300.00 | 50.0 | $15,000.00 |
| Judith Cane | $105.00 | 385 | $40,425.00 |
| Total | | | $282,600.00 |

### 3.     Other Considerations

#### a.     Skill Required to Perform the Legal Services

The Sales Coordinators' counsel has the required skill to be successful in these difficult misclassification off-the-clock collective actions.  (*See* Finnigan Aff. at ¶23).  Off-the-clock cases are inherently difficult to prove.  *See e.g. Alewel v. Dex One Serv.*, 2014 WL 502349, 2014 U.S. Dist. LEXIS 15493 *6 (D. Kan. Feb. 7, 2014)("This case involved the factually complicated off-the-clock claims that are difficult to prove.").  This is because Synergy failed to maintain accurate time records required pursuant 29 U.S.C. § 211(c).[8]  Thus, in such cases the employees must "recreate" the fact they performed the uncompensated overtime work and the time of such work through other evidence- both direct and circumstantial.   This is often difficult since most employees rarely maintain work related documents or evidence demonstrating the work performed. *Anderson v. Mt. Clemens Pottery, Co.*, 328 U.S. 680, 687 (1946)("Employees seldom keep such [time] records themselves, even if they do, the records may be and frequently are untrustworthy.").  This makes proving the amount of the overtime worked, (i.e. damages), also difficult.  *Id*. (recognizing that when there are no time records that the damages will lack exactness and precision).  LaBar & Adams utilized its skill and experience to initiate a litigation strategy that addressed these difficult issues.  As an example, it obtained partial summary judgement on the issue of Synergy's recordkeeping violation.  (*Reese* at Doc. 104 at 33-36).[9]  In doing so, it obtained a ruling that the burden of proof outlined in *Anderson* would apply at trial to the Sales Coordinators' claims prior to November 2016. (*Id.* at 35-36). This allowed the Sales Coordinators to argue Synergy's recordkeeping violation in settlement discussions and posit that the Sales

---

[8] The Supreme Court and subsequent case law have recognized this difficulty by addressing the burden of proof in such cases.  *See Anderson v. Mt. Clemens Pottery, Co.*, 328 U.S. 680 (1946).
[9] Synergy obviously defended against such motion. (*Reese* at Doc. 89).

Coordinators could argue to a jury that they should not be penalized for the inability to prove the precise extent of the uncompensated work.  Counsels' strategy was successful as evidenced by the settlement in which each Sales Coordinator will receive payment that will compensate them for every overtime hour they claimed to have worked.  The Sales Coordinators' counsel has the required skill to be successful in developing the record to call into question Synergy's classification of the Sales Coordinators as exempt from the FLSA.  This was essential to the misclassification class because without the development of such evidence, the Sales Coordinators in this class could be found to be exempt and not entitled to any overtime.  Counsels' strategy was successful on this issue as evidenced by the settlement in which each Sales Coordinator will receive payment that will compensate them for every overtime hour they claimed to have worked.

The Sales Coordinators' counsel also has the required skill to be successful in maintaining this off-the-clock collective action. Unlike other collective actions, in an off-the-clock collective action courts often require evidence of a company policy or practice. *Compare Lay v. Gold's Gym International, Inc.*, 2013 WL 5595956, 2013 U.S. Dist. LEXIS 144264 *14-17 (W.D. Tex. Oct. 4, 2013)(conditional certification appropriate were evidence supported a de facto regional policy encouraging off-the-clock work) *with Prizmic v. Armour Inc.*, 2006 WL 16621645, 2006 U.S. Dist. LEXIS 42627 *7-8 (E.D.N.Y. June 12, 2006)(conditional certification denied where evidence did not support that plaintiffs were subject to a common policy).  LaBar & Adams was able to marshal the necessary evidence to not only conditionally certify the case against opposition, but to strongly defend against a motion for decertification. This allowed the Sales Coordinators to argue in settlement discussions that the case will be proceeding to trial as a collective action with Synergy having the risk of a verdict being entered against it for fifteen Sales Coordinators rather than just two Sales Coordinators.

Finally, the Sales Coordinators' counsel had the required skill to be successful in sifting through the evidence, applying the appropriate regulations, and ultimately causing over $40,000.00 in unpaid overtime and liquidated damages to be paid to Sales Coordinators, (*see* Synergy's Response to Request for Admissions Nos. 10, 11)(Exhibit "D"), to include Sales Coordinators that are not part of this case, based on the evidence marshalled.[10]   On June 27, 2018, Mr. Ward filed his original motion for class certification demonstrating Synergy's violation of the FLSA by miscalculating the Sales Coordinator's overtime wages.  (*Ward* at Doc. 24 at 13-15).  The motion conclusively demonstrated that Mr. Reese and Mr. Kennedy were not paid overtime in accordance with the FLSA.  (*See Ward* at Doc. 24-2; Doc. 24-3).  Thirty days later, Synergy issued checks to all affected Sales Coordinators.  (*See e.g.* Doc. *Ward* at 37-1).  Synergy's Corporate Representative testified that the *Reese* and *Ward* filings led Synergy to take a closer look at its payroll records and discovered the flaw.  (Corp. Rep. Depo. at 117:11-118:5)(Exhibit "E").  The skill and effort of LaBar & Adams led to the recovery of a substantial amount of unpaid overtime wages to numerous Sales Coordinators that did not even participate in this case.

### b.    Preclusion of Other Employment by Attorney

LaBar & Adams was also precluded from taking other cases as a result of this litigation which is evident by the amount of time spent on the case.  (*See* Adams Aff. at ¶ 20).  These cases were not able to be settled until more than thirty (30) months from the date *Reese* was initially filed.  (*Compare Reese* Doc. 2 *with* Doc. 106).  Mr. Adams has spent 699 in billable hours over the past thirty (30) months on this case.  That averages to approximately six (6) billable hours for

---

[10] This $40,000.00 paid to Sales Coordinators is outside the settlement in this case.  Such payments are over and above what any Sales Coordinator is receiving pursuant to the settlement agreement.

each and every week for 120 weeks.[11]   The average lawyer in Florida bills twenty-five (25) hours a week.   (*See* BAR SURVEY LOOKS AT LAW FIRM ECONOMICS available https://www.floridabar.org/the-florida-bar-news/bar-survey-looks-at-law-firm-economics ("Florida lawyers report spending an average of 50 hours in the office each week … and billing 25 of those hours."). As demonstrated, this case required Mr. Adams to spend on average twenty-five (25) percent of the typical billable hours per week on this matter.   LaBar & Adams, P.A. was thus required to and did refuse to take cases that it otherwise could have handled.

### c.   Novelty and Difficulty of Issues in the Case

This case presented numerous novel and difficult issues.   First, there was the issue of 29 U.S.C. § 207(i) defense to liability.   (*See Reese* Doc. 104 at 19-25). Sales Coordinators' counsel was able to obtain summary judgment on this issue.   Second, there was the issue of 29 U.S.C. § 259 defense to liability. Again, Sales Coordinators' counsel was able to obtain summary judgment on this issue. Third, the issue of proving the Sales Coordinators' damages without time records was presented.   Sales Coordinators' counsel was able to also obtain partial summary judgment on Synergy's recordkeeping violation and the Sales Coordinators' burden of proof on damages at trial.   Finally, there is the issue of the Administrative Exemption.   While Sales Coordinators' counsel was unable to obtain summary judgment on this issue, the evidence marshalled was sufficient to convince Synergy to pay the Sales Coordinators for all the overtime hours they claimed to have worked.

---

[11]This assumes that Mr. Adams did not take any days or weeks off for holidays or vacations which he did.   As an example, only, LaBar & Adams is closed every year for two weeks at Christmas & New Years, as well as, one week at the Fourth of July.   During this block leave all staff receives paid time off.

### d.    Societal Importance of Rights Vindicated

It is appropriate to consider the societal importance of the rights vindicated.  *See Villano v. City of Boynton Beach*, 254 F.3d 1302, 1306 (11th Cir. 2001)(Court recognized that the benefit to the public interest should be considered in awarding attorney's fees.).  It is clear that the FLSA vindicates important societal rights.  *See e.g. Perez v. Carey Intern., Inc.,* No. 06–22225–CIV, 2008 WL 4490750 * 14 (S.D.Fla. Sept.26, 2008) ("I also recognize the strong public interest served by the private enforcement of the FLSA and other civil rights laws and the role served by attorney fee awards to ensure the private enforcement of these laws.").  As the Supreme Court has observed, the FLSA was enacted to protect workers from substandard wages, oppressive working conditions, and to remedy labor conditions that are detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and the general well-being of America's work force  *See Barrentine v. Arkansas-Best Freight System*, Inc., 450 U.S. 728, 739 (1981). These are rights fundamental to the well-being of our Country.  Mr. Reese and Mr. Ward vindicated these rights by recovering $100,000.00 in unpaid overtime for fifteen (15) Sales Coordinators, as well as, an additional $40,000.00 for those Sales Coordinators Synergy issued overtime pay checks to as a result of Mr. Reese and Mr. Ward's filings.

## C.    Reasonable Attorney Expenses

The Sales Coordinators request an award of reasonable attorney expenses. (*See* Adams Aff. at ¶ ¶ 23, 24). Attorney expenses can be recoverable under 29 U.S.C. § 216(b) as attorney's fees. *Calderon v. Witvoet*, 112 F.3d 275, 276 (7th Cir. 1997); *Wales v. Jack M. Berry, Inc.*, 192 F.Supp.2d 1313, 129 (M.D. Fla. 2001), *Lockwood v. CIS Services, LLC.*, Case No.: 3:16-cv-965-J-PDB, 2019 WL 2226126 *21 (M.D. Fla. May 3, 2019), *adopted* 2019 WL 3383628 (M.D. Fla. June 13, 2019).   Such attorney expenses include travel, meals, lodging, photocopying, long-

distance telephone calls, computer legal research, postage, courier service, mediation, exhibits, document scanning, and visual equipment. *Wales*, 192 F.Supp.2d at 129 (cases cited therein).  The Sales Coordinators seek to recover the following reasonable attorney expenses:

| Description | Amount |
|---|---|
| Mediation-James G. Brown, Esq. | $618.75 |
| Mediation-Carlos Burruezo, Esq. | $1,340.00 |
| Travel to Palm Bay, Florida to interview Mr. Ronald Ward (175.2 miles at 54[12] cents per mile) | $94.60 |
| Copies[13] of Collective Notice-Ward (250 pages at 15 cents per page)[14] | $37.50 |
| Envelopes- Collective Notice-Ward (47 envelopes at 15 cents) | $7.05 |
| Postage for Mailing Collective Notice-Ward (47 envelopes with $1.10 postage) | $51.50 |
| Return Envelopes for Collective Notice-Ward (47 envelopes at 15 cents per envelope) | $7.05 |
| Postage-Return Envelopes for Collective Notice-Ward (47 envelopes with 55 cent postage) | $25.85 |
| Copies of Collective Notice-Reese (60 pages at 15 cents per page) | $9.00 |
| Envelopes Collective Notice- Reese (12 envelopes at 15 cents) | $1.80 |
| Postage for Mailing Collective Notice-Reese (12 envelopes with $1.10 postage) | $13.20 |
| Return Envelopes for Collective Notice-Reese (12 envelopes at 15 cents per envelope) | $1.80 |
| Postage-Return Envelopes for Collective Notice-Reese (12 envelopes with 55 cent postage) | $6.60 |
| Travel to Jennifer Brennan Deposition (194 miles at 58[15] cents per mile) | $112.52 |
| Meal- Lunch during Corporate Representative Deposition | $10.01 |
| Parking at Mediation- Kay Wolf, Esq. | $18.00 |

---

[12] This is the 2018 IRS mileage rate.

[13] Copies are also awardable pursuant to 28 U.S.C. § 1920(4).

[14] 15 cents per page for photocopy costs is reasonable.  *See Perkins v. Tolen*, Case No.: 3:10-cv-851-J-37TEM, 2012 WL 3244512 *3 (M.D. Fla. July 13, 2012)("Within the Middle District of Florida, and the Eleventh Circuit generally, there is a broad consensus that the reasonable market rate for copies is $.10 to $.15 cents.").

[15] This is the 2019 IRS mileage rate.

| Expert Fee Affidavit[16] | $1,750.00 |
|---|---|
| **Total** | **$4,105.23** |

It is acknowledged that some Courts have reasoned that attorney expenses are not recoverable because they are not recoverable as "costs" pursuant to 28 U.S.C. § 1920. *See e.g. Lockwood*, 2019 WL 2226126 *22, n. 32 (cases cited therein).  Such reasoning should be rejected in this case because the Sales Coordinators are not requesting "attorney expenses" as "costs of the action" under 29 U.S.C. § 216(b) which are limited to 28 U.S.C. § 1920. *See Mock v. Bell Helicopter Textron, Inc.*, 456 Fed.Appx. 799, 802(11th Cir. Jan. 27, 2012).  Rather, they are being requested pursuant to "reasonable attorney's fees" under 29 U.S.C. § 216(b). *See Lockwood*, 2019 WL 2226126 *21, n. 29.  The Eleventh Circuit's reasoning in *Mock* supports such an award.  *Mock v. Bell Helicopter Textron, Inc.*, 456 Fed.Appx. 799 (11th Circ. Jan. 27, 2012).

In *Mock*, the Court held that the District Court did not err when it did not award travel expenses as "costs of the action" pursuant to 29 U.S.C. § 216(b) because such are limited to 28 U.S.C. § 1920. *Mock*, 456 Fed.Appx. at 802.  However, in addressing whether such should have been awarded as "attorney's fees," rather than "costs," the Court did not reason that such could not be awarded because of 28 U.S.C. § 1920.  Rather, the Court reasoned that the District Court did not err in refusing to award such because travel expenses were not reasonable.[17]  *Mock*, 456

---

[16] *Daniel-Rivera v. Everglades College*, Case No.: 16-CIV-600444, 2017 WL 5197509 *8 (S.D. Fla. June 15, 2017)(expert witness fee awarded as attorney expense).

[17] In concluding that the District Court did not err in refusing to allow travel expenses as attorney's fees, the *Mock* Court stated:

> With respect to the travel expenses, it follows from the district court's finding that outside-market counsel was unnecessary, that the outside-market counsel's travel and meal expenses—which Mock would not have incurred had he hired local counsel—should not be awarded as part of Mock's attorneys' fees."

*Mock*, 456 Fed.Appx. at 802.

Fed.Appx. at 802. Thus, *Mock* authorizes such awards as attorney's fees as long as they are reasonable. *Id*. This is consistent with other Circuit Courts that have addressed the issue. *See e.g. Calderon*, 112 F.3dat 276; *Herold v. Hajoca Corp.*, 864 F.2d 317, 323 (4th Cir. 1988); *West v. Nabors Drilling USA, Inc.*, 330 F.3d 379, 395-96 (5th Cir. 2003).

The mediation costs expended in *Reese* and *Ward* are reasonable. First, these mediations were Court Ordered. Second, the Parties selected and agreed to the mediators and their respective hourly rates and charges. Finally, mediation costs are the type of cost typically paid for by paying clients. (*See* Finnigan at ¶¶ 34, 35). Thus, this is a reasonable attorney expense that should be included in a reasonable attorney fee.

The costs of envelopes, copies, and postage for mailing the Collective Notification and Opt-In forms are also reasonable. First, the Court sanctioned and authorized the mailing. Second, such mailings are incidental and necessary in the representation of a collective action. To provide notice to the putative collective members is essential component of two-tiered process outlined in *Hipp v. Liberty Nat. Life Ins. Co.,* 252 F.3d 1208 (11th Cir. 2001). Third, the costs themselves are reasonable as $.15 cents was billed as expense for copies and envelopes; and current postage rates were applied- $1.10 (two stamps) for mailing the notice and $.55 cents for the pre-stamped return envelope. Finally, copy costs and postage charges are the type of costs typically paid for by paying clients. (*See* Finnigan at ¶¶ 34, 35). Thus, this is a reasonable attorney expense that should be included in a reasonable attorney fee.

The travel to Jennifer Brennan's deposition is also reasonable. First, she is a material witness as a collective member. Second, Synergy noticed and took the deposition in Tampa, Florida. Third, the charge is the IRS mileage rate for 2019. Finally, travel costs, such as mileage,

are the type of costs typically paid for by paying clients. (*See* Finnigan at ¶¶ 34, 35).  Thus, this is a reasonable attorney expense that should be included in a reasonable attorney fee.

The meal and parking expenses are also reasonable.  First, the meal occurred in the middle of the Corporate Representative's deposition that commenced at 9:57a.m. and ended at 4:51p.m.  Thus, Sales Coordinators' counsel was limited to eating within the vicinity of the deposition.  Second, parking was the result of attending an all-day mediation agreed to by the parties.  Furthermore, travel costs, such as meals and parking, are the type of costs typically paid for by paying clients. (*See* Finnigan at ¶¶ 34, 35).

Finally, expert witness fees are also reasonable.  First, it is essential to have an expert opine to the reasonableness of hourly rates, hours spent, and attorney expenses so that the Court can make a more informed decision and that such expenses need not be absorbed by counsel.  Second, the hourly rate charged by Mr. Finnigan is reasonable based on his qualification and experience.  (*See* Finnigan at ¶¶ 3-10, and pg. 11).   Thus, this is a reasonable attorney expense that should be included in a reasonable attorney fee.

## D.    Costs

"[C]osts of the action" are also recoverable from Synergy pursuant to the FLSA.  29 U.S.C. § 216(b).  Such costs are those enumerated in 28 U.S.C. § 1920.  The Sales Coordinators request the award of the following costs pursuant to 28 U.S.C. § 1920:

| Description | Amount |
|---|---|
| *Reese* Filing Fee | $424.35 |
| *Ward* Filing Fee | $400.00 |
| *Reese* Service of Process for Synergy | $55.00 |
| *Ward* Service of Process for Synergy | $60.00 |

| Service of Process Witness-Rob Thompson (Synergy Supervisor) | $149.70 |
|---|---|
| Reese Deposition Transcript | $357.15 |
| Kelly Beem Deposition (Synergy Human Resources Manager) | $390.78 |
| Jamie Sawyer Deposition (Synergy Supervisor/Corp. Rep.) | $764.25 |
| Corporate Representative Deposition (Scott McPhail) | $1,577.75 |
| Rob Thompson Deposition (Synergy Supervisor) | $743.11 |
| John Sheffield Deposition (Synergy Supervisor) | $787.80 |
| Joshua Kennedy Deposition (Sales Coordinator) | $479.85 |
| Thomas Lee Deposition (Sales Coordinator) | $369.00 |
| Jennifer Brennan (Sales Coordinator) | $581.00 |
| **Total** | **$7,139.74** |

The foregoing costs were reasonably expended in prosecuting this case and are reasonable. (*See* Adams Aff. at ¶ ¶ 25, 26); (*See also* Finnigan at ¶¶ 36).  The depositions consist of: (1) four of the Sales Coordinators - Reese, Kennedy, Lee, and Brennan; (2) the Supervisor of the Sale Coordinators at Synergy's Orlando location- Rob Thompson; (3) the Supervisor of the Sale Coordinators at Synergy's Daytona location-John Sheffield; (4) Synergy's human resources manager- Kelly Beem; and (5) Synergy's Corporate Representatives- Scott McPhail and Jamie Sawyer.  These depositions were reasonably obtained to investigate Synergy's policies with regards to the Fair Labor Standards, the implementation of such policies by supervisors, the factual experiences of the Sales Coordinators with regards to the policies, and prepare the case for trial.

**E.**      **Post-Judgment Interest on Attorney's Fees and Costs**

The Sales Coordinators also request an award of post-judgment interest on the attorney's fees and costs.  "It is appropriate to impose post-judgment interest on awards of attorney's fees and costs in an FLSA case." *Martinec v. Party Line Cruise Co.*, 350 Fed.Appx. 406, 407 (11th Cir. Oct. 28, 2009).  Sales Coordinator's request post-judgment interest on the attorney's fees and costs "at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of judgment."  28 U.S.C. § 1961.

**III.      CONCLUSION**

WHEREFORE, the Sales Coordinators request this Honorable Court to enter an Order and direct the clerk to enter judgment against Synergy for an:  (1) award of attorney fees in the amount of $282,600.00;  (2) award of attorney expenses in the amount of $4,105.23; (3) an award of costs in the amount of $7,139.74; and (4) grant any other relief the Court deems equitable and just under the facts and circumstances.

Respectfully submitted,

Dated:  April 30, 2020

*/s/ Scott C. Adams*
SCOTT C. ADAMS, ESQ.
Florida Bar No.: 0573442
sadams@labaradams.com
N. RYAN LABAR, ESQ.
Florida Bar No.: 0010535
rlabar@labaradams.com
LABAR & ADAMS, P.A.
2300 East Concord Street
Orlando, Florida 32803
(407) 835-8968 (phone)
(407) 835-8969 (facsimile)

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that I presented the foregoing to the Clerk of the court for filing and uploading to the CM/ECF system which will send a notice of electronic filing to the following: Rene M. Fix, Esq. Orr Cook at rfix@orrcook.com and Kim Bouchard-Chaimowiz, Esq., Orr Cook at kbouchard@orrcook.com. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants: None, this 30th day of April 2020.


*/s/ Scott C. Adams*
SCOTT C. ADAMS, ESQ.