# EXHIBIT
## "A"

## AMENDED SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into between Jay Reese, Ronald Ward, Jacquelyn Beauchamp, Daniel Bermudez, Jennifer Brennan, Shaw Brinkley, Andrew Carr, Paul Celaya, Juan Idarraga, Jerry Jenkins, Joshua Kennedy, Thomas Lee, Shawn Manganiello, Paul Tidwell, Travis Wilder (collectively, "Plaintiffs"), and Florida BC Holdings, LLC d/b/a Synergy Equipment ("Synergy" or "Defendant") this ___ day of June, 2020. Plaintiffs and Defendant are referred to collectively as the "Parties."

1.     **Recitals.** The following recitals are true and correct and a part of this Agreement:

a.     Plaintiffs are 15 individuals who have filed or joined litigation asserting claims against Synergy under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") in connection with alleged unpaid or mis-paid overtime. Each Plaintiff has opted into either the Reese Litigation or the Ward Litigation, which have been consolidated.

b.     During mediation with mediator Kay Wolf on February 25, 2020, the Parties agreed to settle Plaintiffs' FLSA claims according to the terms of this Agreement.

c.     Synergy denies Plaintiffs' allegations that it misclassified any Plaintiff at any time, and further denies any liability for any alleged failure to properly pay overtime compensation. Synergy denies that it engaged in any wrongdoing whatsoever as it relates to Plaintiffs. Synergy is entering this Agreement to eliminate the burden, risk, and expense of litigation. This Agreement and all related documents are not and shall not be construed as an admission by Synergy of any fault, liability, or wrongdoing, which Synergy expressly denies.

d.     The Parties stipulate that this settlement is a fair and reasonable resolution of a bona fide dispute over the Fair Labor Standards Act ("FLSA").

e.     The Plaintiffs acknowledge they are entering this agreement knowingly and voluntarily and after having the opportunity to fully discuss the issues with Plaintiffs' Counsel.

f.     The Parties consent to the jurisdiction of the Magistrate Judge for approval of this settlement and to determine the amount of reasonable attorney's fees and costs to be awarded to the Plaintiffs.

g.     For settlement purposes only, Synergy agrees to class certification of Plaintiffs.

2.     **Definitions.** The following terms used in this Agreement have the following meanings:

a.     "Claims" means the wage and hour claims of Plaintiffs against Synergy.

b.     "Defendant's Counsel" means René Fix and Kim Bouchard-Chaimowiz of Orr | Cook.

c.  "Effective Date" means the first business day after the Court's approval of this settlement.

d.  "FICA Taxes" means the employer's portion of taxes and withholdings for the back wages portion of the Settlement Awards for the Plaintiffs, including 6.2 percent social security taxes, 1.45 percent Medicare tax, and 0.9 percent Medicare surtax when the employee earns over $200,000.00 per year.

e.  "Income Taxes" means the employee's portion of applicable federal, state, or local income taxes for the Settlement Awards for the Plaintiffs. The Income Taxes will be withheld from the Settlement Awards. Synergy will remit the Income Taxes to the Internal Revenue Service or the appropriate state or local tax agency.

f.  "Mediation Fees" means the fees charged by mediator Kay Wolf.

g.  "Parties" means Plaintiffs and Synergy.

h.  "Plaintiffs" are Jay Reese, Ronald Ward, Jacquelyn Beauchamp, Daniel Bermudez, Jennifer Brennan, Shaw Brinkley, Andrew Carr, Paul Celaya, Juan Idarraga, Jerry Jenkins, Joshua Kennedy, Thomas Lee, Shawn Manganiello, Paul Tidwell, Travis Wilder.

i.  "Plaintiffs' Counsel" means Scott Adams of Labar Adams.

j.  "Reese Litigation" means the case styled as *Jay Reese v. Florida BC Holdings, LLC d/b/a Synergy Equipment*, Case No. 6:17-cv-1574-Orl-41GJK in the United States District Court for the Middle District of Florida.

k.  "Released Claims" means all overtime claims pursuant to 29 US.C. § 207 that were asserted in the complaint, including claims for overtime, liquidated damages, interest, misclassification, and any and all claims derived from the alleged failure to properly pay overtime wages. In exchange for the consideration set forth in this Settlement Agreement, Plaintiffs are releasing all Released Claims. Not included in the Released Claims are any claims for attorneys' fees and costs associated with the Released Claims.

l.  "Released Parties" means Florida BC Holdings, LLC d/b/a Synergy Equipment.

m.  "Settlement Amount" means one hundred thousand dollars ($100,000.00).

n.  "Settlement Award" means the payment that each Plaintiff shall be entitled to receive pursuant to the terms of this Agreement.

o.  "Ward Litigation" means the case styled as *Ronald Ward v. Florida BC Holdings, LLC d/b/a Synergy Equipment*, Case No. 6:18-cv-459-Orl-41GJK in the United States District Court for the Middle District of Florida.

2

3.    **Settlement Approval.**  Within seven (7) calendar days of having a fully executed Settlement Agreement, the Parties shall submit to the Court a Motion for Approval of the Settlement, Stipulated Judgment, and for Dismissal with Prejudice.  The Motion shall attach a copy of this Agreement. Such approval must be granted for this settlement to be effective. Upon the Court approving the settlement, the Parties request the entry of the stipulated judgment attached as Exhibit "A" in accordance with *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1353 (11th Cir. 1982)(Approval of a FLSA settlement has the Parties presenting the district court a proposed settlement and the district court entering a stipulated judgment after scrutinizing the settlement for fairness). The Parties consent to the jurisdiction of the Magistrate Judge for the approval of this Settlement Agreement and the entry of the attached Stipulated Judgment.

4.    If (a) the Court does not approve this Agreement as provided herein; or (b) this Agreement does not reach the Effective Date for any reason; the Parties agree to engage in follow up negotiations with the intent of resolving the Court's concerns that precluded approval, and if feasible, to resubmit a revised agreement for approval within thirty (30) days. If the Agreement is not approved as resubmitted or if the Parties are not able to reach another agreement, then either Party may void this Agreement. At that point, the Parties agree that each shall return to their respective positions on the day before this Agreement was executed and that this Agreement shall not be used in evidence or argument in any other aspect of their litigation.  The Parties agree to consent to the jurisdiction of the Magistrate Judge for approval of this Agreement. **Settlement Payment, Consideration and Distribution.** In consideration of the Parties' mutual promises, Defendant will pay to Plaintiffs the gross sum of $100,000.00 as unpaid overtime as follows:

| Name | Wages to Receive |
|---|---|
| Jacquelyn Beauchamp | $2,871.57 |
| Daniel Bermudez | $15,028.39 |
| Jennifer Brennan | $15,404.37 |
| Shaw Brinkley | $9,476.23 |
| Andrew Carr | $2,073.41 |
| Paul Celaya | $10,043.75 |
| Juan Idarraga | $1,138.26 |
| Jerry Jenkins | $2,739.47 |
| Joshua Kennedy | $4,566.71 |
| Thomas Lee | $3,443.03 |
| Shawn Manganiello | $6,655.48 |
| Jay Reese | $12,501.65 |
| Paul Tidwell | $1,578.72 |
| Ronald Ward | $10,046.61 |
| Travis Wilder | $2,432.35 |

The monies set forth above shall be paid by Synergy to each individual Plaintiff in a check made out directly to the individual Plaintiff for the amount set forth above minus appropriate pay roll taxes.   These checks shall be delivered to Plaintiffs' Counsel within ten (10) calendar days of the effective date.

5.     **Release.**  In consideration of the payment of the Settlement Award, Plaintiffs do hereby release, acquit, remise, satisfy, and forever discharge Defendant from all causes of action, claims, demands, costs and expenses, or damages, whether known or unknown, which have been or could have been asserted against Defendant pursuant to 29 U.S.C. § 207 in the Suit. Specifically excluded from this release are Plaintiff's claims for attorneys' fees and costs associated with their Claims which will be submitted to the Court for determination.

6.     **Re-Issuance of Checks.**  Synergy will re-issue commission-related checks for Plaintiffs Ronald Ward, Jay Reese, and Joshua Kennedy, which such Plaintiffs did not cash, within ten (10) calendar days of the Effective Date.

7.     **Mediation Fees.**  Synergy shall pay mediator Kay Wolf all Mediation Fees charged to the Parties.

8.     **Attorneys' Fees and Costs.**  The Parties agree that the Settlement Award does not include any amount for Plaintiffs' reasonable attorneys' fees and costs, and that the Released Claims do not include release of Plaintiffs' claims for their reasonable attorneys' fees and costs. The Parties agree that the Plaintiffs are entitled to reasonable attorneys' fees and cost and consent to the jurisdiction of the Magistrate Judge who will determine the amount of the reasonable attorney's fees and costs to be awarded to the Plaintiffs. Synergy will pay the reasonable attorney's fees and costs determined by the Court within fourteen (14) calendar days of the Court's Order.

9.     **No Retaliation.** Synergy will not take any adverse action against any Plaintiff on the grounds that he/she has participated in the Reese Litigation or the Ward Litigation.

10.    **No Admission of Liability.** This Agreement and all related documents are not and shall not be construed as an admission by Synergy of any fault, liability, or wrongdoing.

11.    **Authorization to Enter Into Settlement Agreement.** The Parties warrant and represent that they are authorized to enter into this Agreement and to take all appropriate action required or permitted to be taken by such Parties pursuant to this Agreement to effectuate its terms, and to execute any other documents required to effectuate the terms of this Agreement.

12.    **Binding on Successors and Assigns.** This Agreement shall be binding upon, and inure to the benefit of Plaintiffs and their heirs, beneficiaries, executors, administrators, successors, or assigns. The Plaintiffs represent, covenant and warrant that they have not directly or indirectly assigned, transferred, encumbered or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action, or rights herein released and discharged.

13.    **Cooperation and Drafting.** The Parties have cooperated in the drafting and preparation of this Agreement; hence the drafting of this Agreement shall not be construed against any of the Parties. The Parties agree that the terms and conditions of this Agreement were negotiated at arm's length and in good faith by the Parties and reflect a settlement that was reached voluntarily based upon adequate information and sufficient discovery and after consultation with experienced legal counsel.

4

14. **Entire Agreement.** This Agreement constitutes the entire Agreement among the Parties with respect to the subject matter hereof, and no oral or written representations, warranties or inducements have been made to any Party concerning this Agreement other than the representations, warranties, and covenants contained and memorialized in such documents.

15. **Governing Law and Jurisdiction.** This Agreement shall be governed by and construed in accordance with Florida law.

16. **Counterparts.** This Agreement may be executed in one or more counterparts, each of which will be deemed to be an original copy of this Agreement and all of which, when taken together, will be deemed to constitute one and the same agreement.

17. **Severability and Reformation.** If any part of this Agreement is contrary to, prohibited by or deemed invalid under applicable law or regulations, such provision shall be inapplicable and deemed omitted to the extent so contrary, prohibited or invalid, but the remainder of this Agreement shall not be invalid and shall be given full force and effect so far as possible.

**THE UNDERSIGNED ACKNOWLEDGE THAT THEY HAVE CAREFULLY READ AND UNDERSTAND THE ABOVE AGREEMENT CONSISTING OF SEVENTEEN (17) NUMBERED PARAGRAPHS.**

| Jay E. Reese: | | Ronald Ward: | |
|---|---|---|---|
| _____ Signature | _6/1/20_ Date | _____ Signature | _____ Date |
| Jacquelyn Beauchamp: | | Daniel Bermudez: | |
| _____ Signature | _____ Date | _____ Signature | _____ Date |
| Jennifer Brennan: | | Shaw Brinkley: | |
| _____ Signature | _____ Date | _____ Signature | _____ Date |
| Andrew Carr: | | Paul Celaya: | |
| _____ Signature | _____ Date | _____ Signature | _____ Date |

5

14.     **Entire Agreement.** This Agreement constitutes the entire Agreement among the Parties with respect to the subject matter hereof, and no oral or written representations, warranties or inducements have been made to any Party concerning this Agreement other than the representations, warranties, and covenants contained and memorialized in such documents.

15.     **Governing Law and Jurisdiction.** This Agreement shall be governed by and construed in accordance with Florida law.

16.     **Counterparts.** This Agreement may be executed in one or more counterparts, each of which will be deemed to be an original copy of this Agreement and all of which, when taken together, will be deemed to constitute one and the same agreement.

17.     **Severability and Reformation.** If any part of this Agreement is contrary to, prohibited by or deemed invalid under applicable law or regulations, such provision shall be inapplicable and deemed omitted to the extent so contrary, prohibited or invalid, but the remainder of this Agreement shall not be invalid and shall be given full force and effect so far as possible.

**THE UNDERSIGNED ACKNOWLEDGE THAT THEY HAVE CAREFULLY READ AND UNDERSTAND THE ABOVE AGREEMENT CONSISTING OF SEVENTEEN (17) NUMBERED PARAGRAPHS.**

| Jay E. Reese: | Ronald Wentz |
|---|---|
| _____   _____ | _____   _____ |
| Signature          Date | Signature          Date |
| Jacquelyn Beauchamp: | Daniel Bermudez: |
| _____   _____ | _____   _____ |
| Signature          Date | Signature          Date |
| Jennifer Brennan: | Shaw Brinkley: |
| _____   _____ | _____   _____ |
| Signature          Date | Signature          Date |
| Andrew Carr: | Paul Celaya: |
| _____   _____ | _____   _____ |
| Signature          Date | Signature          Date |

5

14.     **Entire Agreement**. This Agreement constitutes the entire Agreement among the Parties with respect to the subject matter hereof, and no oral or written representations, warranties or inducements have been made to any Party concerning this Agreement other than the representations, warranties, and covenants contained and memorialized in such documents.

15.     **Governing Law and Jurisdiction**. This Agreement shall be governed by and construed in accordance with Florida law.

16.     **Counterparts**. This Agreement may be executed in one or more counterparts, each of which will be deemed to be an original copy of this Agreement and all of which, when taken together, will be deemed to constitute one and the same Agreement.

17.     **Severability and Reformation**.  If any part of this Agreement is contrary to, prohibited by or deemed invalid under applicable law or regulations, such provision shall be inapplicable and deemed omitted to the extent so contrary, prohibited or invalid, but the remainder of this Agreement shall not be invalid and shall be given full force and effect so far as possible.

**THE UNDERSIGNED ACKNOWLEDGE THAT THEY HAVE CAREFULLY READ AND UNDERSTAND THE ABOVE AGREEMENT CONSISTING OF SEVENTEEN (17) NUMBERED PARAGRAPHS.**

Jay E. Reese:

_____          _____
Signature                        Date

Jacquelyn Beauchamp:

_____          _____
Signature                        Date

Jennifer Brennan:

_____          _____
Signature                        Date

Andrew Carr:

_____          _____
Signature                        Date

Ronald Ward:

_____          _____
Signature                        Date

Daniel Bermudez:

_____          _____
Signature                        Date

Shaw Brinkley:

_____          _____
Signature                        Date

Paul Celaya:

_____          _____
Signature                        Date

14.     **Entire Agreement.** This Agreement constitutes the entire Agreement among the Parties with respect to the subject matter hereof, and no oral or written representations, warranties or inducements have been made to any Party concerning this Agreement other than the representations, warranties, and covenants contained and memorialized in such documents.

15.     **Governing Law and Jurisdiction.** This Agreement shall be governed by and construed in accordance with Florida law.

16.     **Counterparts.** This Agreement may be executed in one or more counterparts, each of which will be deemed to be an original copy of this Agreement and all of which, when taken together, will be deemed to constitute one and the same agreement.

17.     **Severability and Reformation.**   If any part of this Agreement is contrary to, prohibited by or deemed invalid under applicable law or regulations, such provision shall be inapplicable and deemed omitted to the extent so contrary, prohibited or invalid, but the remainder of this Agreement shall not be invalid and shall be given full force and effect so far as possible.

**THE UNDERSIGNED ACKNOWLEDGE THAT THEY HAVE CAREFULLY READ AND UNDERSTAND THE ABOVE AGREEMENT CONSISTING OF SEVENTEEN (17) NUMBERED PARAGRAPHS.**

Jay E. Reese:

_____          _____
Signature                          Date

Jacquelyn Beauchamp:

_____          _____
Signature                          Date

Jennifer Brennan:

_____          _____
Signature                          Date

Andrew Carr:

_____          _____
Signature                          Date

Ronald Ward:

_____          _____
Signature                          Date

Daniel Bermudez:

_____          6/3/20
Signature                          Date

Shaw Brinkley:

_____          _____
Signature                          Date

Paul Celaya:

_____          _____
Signature                          Date

5

14.    **Entire Agreement**. This Agreement constitutes the entire Agreement among the Parties with respect to the subject matter hereof, and no oral or written representations, warranties or inducements have been made to any Party concerning this Agreement other than the representations, warranties, and covenants contained and memorialized in such documents.

15.    **Governing Law and Jurisdiction**. This Agreement shall be governed by and construed in accordance with Florida law.

16.    **Counterparts**. This Agreement may be executed in one or more counterparts, each of which will be deemed to be an original copy of this Agreement and all of which, when taken together, will be deemed to constitute one and the same agreement.

17.    **Severability and Reformation**.   If any part of this Agreement is contrary to, prohibited by or deemed invalid under applicable law or regulations, such provision shall be inapplicable and deemed omitted to the extent so contrary, prohibited or invalid, but the remainder of this Agreement shall not be invalid and shall be given full force and effect so far as possible.

**THE UNDERSIGNED ACKNOWLEDGE THAT THEY HAVE CAREFULLY READ AND UNDERSTAND THE ABOVE AGREEMENT CONSISTING OF SEVENTEEN (17) NUMBERED PARAGRAPHS.**

| Jay E. Reese: | | Ronald Ward: | |
|---|---|---|---|
| _____ | _____ | _____ | _____ |
| Signature | Date | Signature | Date |
| Jacquelyn Beauchamp: | | Daniel Bermudez: | |
| _____ | _____ | _____ | _____ |
| Signature | Date | Signature | Date |
| Jennifer Brennan: | | Shaw Brinkley: | |
| _*[signature]*____ | _6/4/20_ | _____ | _____ |
| Signature | Date | Signature | Date |
| Andrew Carr: | | Paul Celaya: | |
| _____ | _____ | _____ | _____ |
| Signature | Date | Signature | Date |

5

14.  **Entire Agreement**. This Agreement constitutes the entire Agreement among the Parties with respect to the subject matter hereof, and no oral or written representations, warranties or inducements have been made to any Party concerning this Agreement other than the representations, warranties, and covenants contained and memorialized in such documents.

15.  **Governing Law and Jurisdiction**. This Agreement shall be governed by and construed in accordance with Florida law.

16.  **Counterparts**. This Agreement may be executed in one or more counterparts, each of which will be deemed to be an original copy of this Agreement and all of which, when taken together, will be deemed to constitute one and the same agreement.

17.  **Severability and Reformation**.  If any part of this Agreement is contrary to, prohibited by or deemed invalid under applicable law or regulations, such provision shall be inapplicable and deemed omitted to the extent so contrary, prohibited or invalid, but the remainder of this Agreement shall not be invalid and shall be given full force and effect so far as possible.

**THE UNDERSIGNED ACKNOWLEDGE THAT THEY HAVE CAREFULLY READ AND UNDERSTAND THE ABOVE AGREEMENT CONSISTING OF SEVENTEEN (17) NUMBERED PARAGRAPHS.**

Jay E. Reese:

_____     _____
Signature                              Date

Jacquelyn Beauchamp:

_____     _____
Signature                              Date

Jennifer Brennan:

_____     _____
Signature                              Date

Andrew Carr:

_____     _____
Signature                              Date

Ronald Ward:

_____     _____
Signature                              Date

Daniel Bermudez:

_____     _____
Signature                              Date

Shaw Brinkley:

_Shaw Brinkley_                _6/2/20_
Signature                              Date

Paul Celaya:

_____     _____
Signature                              Date

5

14.    **Entire Agreement.** This Agreement constitutes the entire Agreement among the Parties with respect to the subject matter hereof, and no oral or written representations, warranties or inducements have been made to any Party concerning this Agreement other than the representations, warranties, and covenants contained and memorialized in such documents.

15.    **Governing Law and Jurisdiction.** This Agreement shall be governed by and construed in accordance with Florida law.

16.    **Counterparts.** This Agreement may be executed in one or more counterparts, each of which will be deemed to be an original copy of this Agreement and all of which, when taken together, will be deemed to constitute one and the same agreement.

17.    **Severability and Reformation.** If any part of this Agreement is contrary to, prohibited by or deemed invalid under applicable law or regulations, such provision shall be inapplicable and deemed omitted to the extent so contrary, prohibited or invalid, but the remainder of this Agreement shall not be invalid and shall be given full force and effect so far as possible.

**THE UNDERSIGNED ACKNOWLEDGE THAT THEY HAVE CAREFULLY READ AND UNDERSTAND THE ABOVE AGREEMENT CONSISTING OF SEVENTEEN (17) NUMBERED PARAGRAPHS.**

Jay E. Reese:

_____          _____
Signature                      Date

Jacquelyn Beauchamp:

_____          _____
Signature                      Date

Jennifer Brennan:

_____          _____
Signature                      Date

Andrew Carr:

_____          6-2-2020
Signature                      Date

Ronald Ward:

_____          _____
Signature                      Date

Daniel Bermudez:

_____          _____
Signature                      Date

Shaw Brinkley:

_____          _____
Signature                      Date

Paul Celaya:

_____          _____
Signature                      Date

14.   **Entire Agreement.** This Agreement constitutes the entire Agreement among the Parties with respect to the subject matter hereof, and no oral or written representations, warranties or inducements have been made to any Party concerning this Agreement other than the representations, warranties, and covenants contained and memorialized in such documents.

15.   **Governing Law and Jurisdiction.** This Agreement shall be governed by and construed in accordance with Florida law.

16.   **Counterparts.** This Agreement may be executed in one or more counterparts, each of which will be deemed to be an original copy of this Agreement and all of which, when taken together, will be deemed to constitute one and the same agreement.

17.   **Severability and Reformation.** If any part of this Agreement is contrary to, prohibited by or deemed invalid under applicable law or regulations, such provision shall be inapplicable and deemed omitted to the extent so contrary, prohibited or invalid, but the remainder of this Agreement shall not be invalid and shall be given full force and effect so far as possible.

**THE UNDERSIGNED ACKNOWLEDGE THAT THEY HAVE CAREFULLY READ AND UNDERSTAND THE ABOVE AGREEMENT CONSISTING OF SEVENTEEN (17) NUMBERED PARAGRAPHS.**

Jay E. Reese:

_____          _____
Signature                              Date

Jacquelyn Beauchamp:

_____          _____
Signature                              Date

Jennifer Brennan:

_____          _____
Signature                              Date

Andrew Carr:

_____          _____
Signature                              Date

Ronald Ward:

_____          _____
Signature                              Date

Daniel Bermudez:

_____          _____
Signature                              Date

Shaw Brinkley:

_____          _____
Signature                              Date

Paul Celaya:

_____          6/4/20
Signature                              Date

5

Juan Idarraga:

_____          6/4/20
Signature                        Date

Joshua Kennedy:

_____          _____
Signature                        Date

Shawn Manganiello:

_____          _____
Signature                        Date

Travis Wilder:

_____          _____
Signature                        Date

Jerry Jenkins:

_____          _____
Signature                        Date

Thomas Lee:

_____          _____
Signature                        Date

Paul Tidwell:

_____          _____
Signature                        Date

**FLORIDA BC HOLDINGS, LLC D/B/A SYNERGY EQUIPMENT**

By:    _____

Its:   _____

Date:  _____

6

Juan Idarraga:

_____          _____
Signature                                          Date

Joshua Kennedy:

_____          _____
Signature                                          Date

Shawn Manganiello:

_____          _____
Signature                                          Date

Travis Wilder:

_____          _____
Signature                                          Date

Jerry Jenkins:

_____          02 JUN 20
Signature                                          Date

Thomas Lee:

_____          _____
Signature                                          Date

Paul Tidwell:

_____          _____
Signature                                          Date

**FLORIDA BC HOLDINGS, LLC D/B/A SYNERGY EQUIPMENT**

By: _____

Its: _____

Date: _____

6

Juan Idarraga:

_____        _____
Signature                      Date

Joshua Kennedy:

_____        6/3/20
Signature                      Date

Shawn Manganiello:

_____        _____
Signature                      Date

Travis Wilder:

_____        _____
Signature                      Date

Jerry Jenkins:

_____        _____
Signature                      Date

Thomas Lee:

_____        _____
Signature                      Date

Paul Tidwell:

_____        _____
Signature                      Date

**FLORIDA BC HOLDINGS, LLC D/B/A SYNERGY EQUIPMENT**

By:  _____

Its: _____

Date: _____

6

Juan Idarraga:

_____      _____
Signature              Date

Joshua Kennedy:

_____      _____
Signature              Date

Shawn Manganiello:

_____      _____
Signature              Date

Travis Wilder:

_____      _____
Signature              Date

Jerry Jenkins:

_____      _____
Signature              Date

Thomas Lee:

_____      6-2-2020
Signature              Date

Paul Tidwell:

_____      _____
Signature              Date

**FLORIDA BC HOLDINGS, LLC D/B/A SYNERGY EQUIPMENT**

By: _____

Its: _____

Date: _____

6

Juan Idarraga:

_____        _____
Signature                              Date

Joshua Kennedy:

_____        _____
Signature                              Date

Shawn Manganiello:

_S. M̲_____        _6/4/2020_
Signature                              Date

Travis Wilder:

_____        _____
Signature                              Date

Jerry Jenkins:

_____        _____
Signature                              Date

Thomas Lee:

_____        _____
Signature                              Date

Paul Tidwell:

_____        _____
Signature                              Date

**FLORIDA BC HOLDINGS, LLC D/B/A SYNERGY EQUIPMENT**

By:    _____

Its:   _____

Date:  _____

6

Juan Idarraga:

_____        _____
Signature                                              Date

Joshua Kennedy:

_____        _____
Signature                                              Date

Shawn Manganiello:

_____        _____
Signature                                              Date

Travis Wilder:

_____        _____
Signature                                              Date

Jerry Jenkins:

_____        _____
Signature                                              Date

Thomas Lee:

_____        _____
Signature                                              Date

Paul Tidwell:

_____        6/3/2020
Signature                                              Date

**FLORIDA BC HOLDINGS, LLC D/B/A SYNERGY EQUIPMENT**

By: _____

Its: _____

Date: _____

Juan Idarraga:

_____     _____
Signature                                   Date

Joshua Kennedy:

_____     _____
Signature                                   Date

Shawn Manganiello:

_____     _____
Signature                                   Date

Travis Wilder:

_____     6/8/2020
Signature                                   Date

Jerry Jenkins:

_____     _____
Signature                                   Date

Thomas Lee:

_____     _____
Signature                                   Date

Paul Tidwell:

_____     _____
Signature                                   Date

**FLORIDA BC HOLDINGS, LLC D/B/A SYNERGY EQUIPMENT**

_____

By:     _____

Its:    _____

Date:   _____

6

Juan Idarraga:

_____        _____
Signature                                   Date

Joshua Kennedy:

_____        _____
Signature                                   Date

Shawn Manganiello:

_____        _____
Signature                                   Date

Travis Wilder:

_____        _____
Signature                                   Date

Jerry Jenkins:

_____        _____
Signature                                   Date

Thomas Lee:

_____        _____
Signature                                   Date

Paul Tidwell:

_____        _____
Signature                                   Date

**FLORIDA BC HOLDINGS, LLC D/B/A SYNERGY EQUIPMENT**

_____

By:      Scott McPhail
         _____

Its:     CFO
         _____

Date:    6/2/2020
         _____

6